Debtor Trinseo LLC Case number (*if known*)
Name

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
**Southern District of Texas**
(State)
Case number (*if known*): ____________ Chapter 11

☐Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

**1. Debtor's Name** — **Trinseo LLC**

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**Styron LLC**

**3. Debtor's federal Employer Identification Number** (EIN) — **80-0512509**

**4. Debtor's address**

**Principal place of business**

**440 East Swedesford Road, Suite 301**
Number Street

**Wayne** **PA** **19087**
City State Zip Code

**Delaware**
County

**Mailing address, if different from principal place of business**

Number Street

City State Zip Code

**Location of principal assets, if different from principal place of business**

Number Street

City State Zip Code

**5. Debtor's website** (URL) — www.trinseo.com

**6. Type of debtor**

☒Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐Partnership (excluding LLP)

☐Other. Specify: ____________

Debtor Trinseo LLC
Name
Case number (*if known*)

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3252 (Resin, Synthetic Rubber, and Artificial and Synthetic Fibers and Filaments Manufacturing)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the **Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11** (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes District ______ When ______ (MM/DD/YYYY) Case number ______
District ______ When ______ (MM/DD/YYYY) Case number ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes Debtor **See Attached Rider 1** Relationship ______
District ______ When: **5/26/2026** (MM / DD / YYYY)
Case number, if known ______

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number Street

City State Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency

Contact name

Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors***

***Consolidated for all Debtors.**

| | | |
|---|---|---|
| ☐1-49 | ☒1,000-5,000 | ☐25,001-50,000 |
| ☐50-99 | ☐5,001-10,000 | ☐50,001-100,000 |
| ☐100-199 | ☐10,001-25,000 | ☐More than 100,000 |
| ☐200-999 | | |

**15. Estimated assets***

***Consolidated for all Debtors.**

| | | |
|---|---|---|
| ☐$0-$50,000 | ☐$1,000,001-$10 million | ☐$500,000,001-$1 billion |
| ☐$50,001-$100,000 | ☐$10,000,001-$50 million | ☒$1,000,000,001-$10 billion |
| ☐$100,001-$500,000 | ☐$50,000,001-$100 million | ☐$10,000,000,001-$50 billion |
| ☐$500,001-$1 million | ☐$100,000,001-$500 million | ☐More than $50 billion |

**16. Estimated liabilities***

***Consolidated for all Debtors.**

| | | |
|---|---|---|
| ☐$0-$50,000 | ☐$1,000,001-$10 million | ☐$500,000,001-$1 billion |
| ☐$50,001-$100,000 | ☐$10,000,001-$50 million | ☒$1,000,000,001-$10 billion |
| ☐$100,001-$500,000 | ☐$50,000,001-$100 million | ☐$10,000,000,001-$50 billion |
| ☐$500,001-$1 million | ☐$100,000,001-$500 million | ☐More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **5/26/2026**
MM/ DD / YYYY

✘ ***/s/ Alan Boyko***
Signature of authorized representative of debtor

**Alan Boyko**
Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

✘ ***/s/ Timothy A. ("Tad") Davidson II***
Signature of attorney for debtor

Date **5/26/2026**
MM/DD/YYYY

**Timothy A. ("Tad") Davidson II**

**Hunton Andrews Kurth LLP**
Firm name

**600 Travis Street, Suite 4200**
Number Street

**Houston** **TX** **77002**
City State ZIP Code

**713-220-4200**
Contact phone

**taddavidson@hunton.com**
Email address

**24012503** **TX**
Bar number State

# RIDER 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "***Debtors***") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| Altuglas LLC | 85-3517505 |
| Aristech Surfaces LLC | 31-1570321 |
| Trinseo Holding B.V. | RSIN: 8217.03.316 |
| Trinseo Holding S.à r.l. | Luxembourg Tax ID# (Matricule#): 2010 2418 132 |
| Trinseo International Holding LLC | N/A |
| Trinseo LLC | 80-0512509 |
| Trinseo Luxco Finance SPV S.à r.l. | Luxembourg Tax ID# (Matricule#): 2023 2439 700 |
| Trinseo Luxco S.à r.l. | Luxembourg Tax ID# (Matricule#): 2010 2418 108 |
| Trinseo Materials Finance, Inc. | 46-2429861 |
| Trinseo NA Finance LLC | 88-2501380 |
| Trinseo NA Finance SPV LLC | 93-2478130 |
| Trinseo PLC | Ireland Tax Reference Number: 3794078CH |
| Trinseo US Holding, Inc. | 27-2552128 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Trinseo LLC, | ) | Case No. 26-___________(___) |
| Debtor. | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| Trinseo US Holding, Inc. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Trinseo LLC, | ) | Case No. 26-__________(___) |
| Debtor. | ) | |

**<u>LIST OF EQUITY SECURITY HOLDERS</u>**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "***Debtor***") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒ The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Trinseo US Holding, Inc.<br>440 E. Swedesford Road, Suite 301<br>Wayne, PA 19087 | Membership Interest | 100% |

Fill in this information to identify the case and this filing:

Debtor Name Trinseo LLC

United States Bankruptcy Court for the: **Southern District of Texas**
(State)

Case number (If known):

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors **12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐ Schedule H: Codebtors *(Official Form 206H)*

☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐ Amended Schedule ____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**5/26/2026**
MM/ DD/YYYY

☒ ***/s/ Alan Boyko***
Signature of individual signing on behalf of debtor

**Alan Boyko**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

**UNANIMOUS WRITTEN CONSENT OF**
**THE APPROVING PARTY OF**
**EACH COMPANY LISTED BELOW**

May 25, 2026

The undersigned, being (a) all members of the board of directors, (b) all members of the board of managers, or (c) the sole member, as applicable (in each case, an "Approving Party" and, collectively, the "Approving Parties"), of the following corporations and limited liability companies:

1. Trinseo US Holding, Inc., a Delaware corporation ("Trinseo US Holding, Inc.")
2. Trinseo Materials Finance, Inc., a Delaware corporation ("Trinseo Materials Finance, Inc.")
3. Trinseo International Holding LLC, a Texas limited liability company ("Trinseo International Holding LLC")
4. Trinseo LLC, a Delaware limited liability company ("Trinseo LLC")
5. Altuglas LLC, a Delaware limited liability company ("Atuglas LLC")
6. Aristech Surfaces LLC, a Kentucky limited liability company ("Aristech Surfaces LLC")
7. Trinseo NA Finance LLC, a Texas limited liability company ("Trinseo NA Finance LLC")
8. Trinseo NA Finance SPV LLC, a Delaware limited liability company ("Trinseo NA Finance SPV LLC")

(each such entity, a "Company" and, collectively, the "Companies"), do hereby consent to, adopt and approve, ratify, and confirm by unanimous written consent, with the same force and effect as if taken at a duly called special meeting of the applicable Approving Parties, and in each case pursuant to and in accordance with, as applicable, (a) the provisions of such Company's (i) certificate of incorporation, articles of incorporation, certificate of formation, certificate of organization or other similar formation documents, as applicable, and (ii) the Governing Documents (as defined below), as applicable; and (b) the applicable provisions of (i) the General Corporation Law of the State of Delaware, (ii) the Limited Liability Company Act of the State of Delaware, (iii) the Kentucky Limited Liability Company Act, (iv) the Texas Business Organizations Code, as amended, and (v) any other applicable corporate or business statute, the following resolutions and authorize the taking of all actions contemplated thereby:

**WHEREAS**, reference is hereby made to the bylaws, operating agreements, limited liability company agreements or other similar governing documents of each Company, as applicable (collectively, the "Governing Documents", and each a "Governing Documents");

**WHEREAS**, the Approving Party of each Company has had the opportunity to consult with management and the legal and financial advisors of such Company to fully consider, and has considered, the strategic alternatives available to such Company;

**WHEREAS**, on May 13, 2026, the Companies entered into that certain restructuring support agreement (together with all annexes, exhibits, schedules, term sheets, and attachments thereto, the "Restructuring Support Agreement"), by and among the Company Parties (as defined therein) and the Supporting Creditors (as defined therein), which was approved by the Approving Party of each Company pursuant to a separate written consent;

**WHEREAS**, the Approving Party of each Company has carefully considered a chapter 11 plan (together with any exhibits and other attachments annexed thereto, the "Plan") and associated disclosure statement (together with any exhibits and other attachments annexed thereto, the "Disclosure Statement"), in each case on terms and conditions substantially similar to those set forth in the forms of documents previously provided to the Approving Party of such Company, and has determined that the Plan and Disclosure Statement and the transactions contemplated thereunder are advisable and in the best interests of the applicable Company and its creditors and stakeholders;

**WHEREAS**, the Approving Party of each Company has been advised of the material terms of the DIP Facilities (as defined below);

**WHEREAS**, the Approving Party of each Company has carefully considered presentations by the management and financial and legal advisors of the Companies regarding the DIP Facilities and DIP Credit Agreements (as defined below);

**WHEREAS**, the obligation of the lenders under the DIP Credit Agreements to make the extensions of credit to the Companies is subject to, among other things, the Companies entering into the DIP Credit Agreements and satisfying certain conditions thereunder;

**WHEREAS**, the Companies will obtain benefits from the DIP Credit Agreements and it is advisable and in the best interest of the applicable Company to enter into the DIP Credit Agreements to which it is a party and the other loan documents entered in connection therewith and to perform their obligations thereunder, including granting liens, guarantees, and equity pledges;

**WHEREAS**, the Approving Party of each applicable Company has determined that such Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (as defined below) (the "Cash Collateral"), which is security for the Companies' prepetition secured creditors (collectively, the "Secured Creditors"), and that, in connection with the DIP Facilities, it is advisable and in the best interests of the Companies to provide adequate protection to the Secured Creditors pursuant to the DIP Credit Agreements and the orders of the Bankruptcy Court (as defined below) approving the DIP Facilities (collectively, the "Adequate Protection Obligations");

**WHEREAS**, Trinseo LLC, Altuglas LLC, and Aristech Surfaces LLC (in each case, an "A/R Facility Company" and, collectively, the "A/R Facility Companies") are party to a receivables securitization program and accounts receivables facility (the "Existing A/R Facility") governed by, among other documents, (a) that certain Credit and Security Agreement, dated as of July 18, 2024, among Styron Receivables Funding Designated Activity Company, a special purpose finance entity incorporated in Ireland, as borrower (the "A/R Facility Borrower"); Trinseo

Ireland Global IHB Limited, an indirect wholly owned subsidiary of Trinseo PLC, as investment manager (the "Investment Manager"); the Lenders (as defined therein) from time to time party thereto; GLAS USA LLC, as administrative agent (the "Administrative Agent"); GLAS Americas LLC, as collateral agent (the "Collateral Agent"); and KKR Credit Advisors (US) LLC, as structuring advisor (as amended, restated, amended and restated, supplemented or otherwise modified), (b) that certain Second Amended and Restated U.S. Receivables Purchase Agreement, dated as of July 18, 2024, among the A/R Facility Companies as U.S. Originators, the Investment Manager, and Trinseo U.S. Receivables Company SPV LLC, as U.S. Intermediate Transferor (as amended, restated, amended and restated, supplemented or otherwise modified), pursuant to which the U.S. Originators sell or contribute certain receivables to the U.S. Intermediate Transferor and (c) that certain Second Amended and Restated U.S. Servicing Agreement, dated as of July 18, 2024, among Styron Receivables Funding Designated Activity Company, as Master Purchaser, Trinseo U.S. Receivables Company SPV LLC, as U.S. Intermediate Transferor, Trinseo LLC, Aristech Surfaces LLC, and Altuglas LLC, each as a U.S. Servicer, and GLAS Americas LLC, as Collateral Agent (as amended, restated, amended and restated, supplemented or otherwise modified), pursuant to which the A/R Facility Companies service such receivables;

**WHEREAS**, the Approving Party of each A/R Facility Company has determined that it is in the best interests of the applicable A/R Facility Company to refinance the Existing A/R Facility by entering into and performing under an amended and restated trade receivables securitization facility (the "A/R Facility") governed by that certain Amended and Restated Credit and Security Agreement, to be dated on or around the date hereof (the "Amended and Restated Credit and Security Agreement"), by and among the A/R Facility Borrower, the Investment Manager, the Lenders (as defined therein) from time to time party thereto, the Administrative Agent, and the Collateral Agent;

**WHEREAS**, in connection with entry into the A/R Facility, the Approving Party of each A/R Facility Company has determined that it is also in the best interests of the applicable A/R Facility Company to enter into, execute, deliver and perform its obligations under the Third Amended and Restated U.S. Receivables Purchase Agreement, the Third Amended and Restated U.S. Servicing Agreement and any other Receivables Documents (each as defined below) and to consummate the transactions contemplated by the Receivables Documents (such transactions, the "Receivables Transactions").

**WHEREAS**, in connection with the Receivables Transactions, the Approving Party of each A/R Facility Company has determined (a) that the A/R Facility provides benefits necessary to maintain sufficient liquidity during the Chapter 11 Cases (as defined below), including, without limitation the contribution, sale and servicing of receivables in connection with the A/R Facility, and (b) that it is in the best interests of the applicable A/R Facility Company to enter into, deliver and perform their respective obligations under the Receivables Documents and any amendments, restatements, modifications and supplements to the Receivables Documents, on such terms and conditions as any Authorized Officer (as defined below), acting alone, deems to be in the best interests of the applicable A/R Facility Company, including the payment of all fees and expenses in accordance with the Receivables Documents;

**WHEREAS**, the Approving Party of each Company has had an opportunity to consult with such Company's financial and legal advisors and consider chapter 11 preparation materials provided by the Companies' financial and legal advisors;

**WHEREAS**, the Approving Party of each Company has determined that it is in such Company's best interests to seek relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, the Approving Party of each Company desires to adopt and approve the following resolutions.

## I. Commencement of Chapter 11 Cases

**NOW THEREFORE, BE IT RESOLVED**, that the Approving Party of each Company has determined, after consultation with the management and the legal and financial advisors of such Company, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by such Company seeking relief under Bankruptcy Code (in each case, a "Chapter 11 Case" and, collectively, the "Chapter 11 Cases"); and be it further

## II. Plan and Disclosure Statement

**RESOLVED**, that in connection with each Chapter 11 Case, the Approving Party of each Company has determined, after consultation with the legal and financial advisors of such Company, that it is in the best interests of such Company to approve the Plan and the Disclosure Statement on terms and conditions substantially similar to those set forth in the forms of Plan and Disclosure Statement previously provided to the Approving Party of such Company (with such changes as may be approved pursuant to the delegation of authority set forth herein); and be it further

**RESOLVED**, that the Approving Party of each Company hereby delegates to each Authorized Officer the authority to approve the form, terms, and provisions of the Plan and Disclosure Statement and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by such Company, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Plan and Disclosure Statement, together with such other documents, agreements, instruments, notices, and certificates as may be required by, or appropriate in connection with, the Plan and Disclosure Statement, and to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions thereof and any related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable; and be it further

**RESOLVED**, that any and all actions heretofore or hereafter taken by any Authorized Officer of each Company, in the name and on behalf of such Company, to solicit acceptances or

rejections of the Plan, including, without limitation, the preparation, filing, distribution, and transmittal of the Disclosure Statement, ballots, solicitation packages, and any related notices, cover letters, or other materials to holders of claims and interests entitled to vote on the Plan, and any communications with such holders in connection therewith, be, and the same hereby are, in all respects, ratified, confirmed, authorized, and approved; and be it further

## III. Debtor-in-Possession Financing and Cash Collateral Utilization

**RESOLVED**, that in connection with each Chapter 11 Case, the Approving Party of each applicable Company, after consultation with the legal and financial advisors of such Company, has determined that it is in the best interests of such Company to consummate the transactions under, as applicable: (a) a senior secured superpriority debtor-in-possession credit facility (the "OpCo DIP Facility"), to be evidenced by (i) that certain *Superpriority Secured Debtor in Possession Credit Agreement* (the "OpCo DIP Credit Agreement"), by and among Trinseo Holding S.à r.l., a private limited liability company (*société à responsabilité limitée*), organized and established under the laws of the Grand Duchy of Luxembroug, having its registered office at 130, Boulevard de la Pétrusse, L-2330 Luxembourg, Grand Duchy of Luxembourg, registered with the RCS under number B153582 ("Trinseo Holding"), its subsidiaries party thereto, the lenders and other parties from time to time party thereto, and Deutsche Bank AG New York Branch, as administrative agent and collateral agent (in such capacity, the "OpCo Collateral Agent") and (ii) that certain *Pledge and Security Agreement*, by and among, among others, Trinseo Holding, Trinseo Material Finance, Inc., Trinseo US Holding, Inc., Trinseo LLC, Trinseo International Holding, Inc. and the OpCo Collateral Agent (the "OpCo Security Agreement", and together with the OpCo DIP Credit Agreement, the "OpCo Dip Credit Documents") (together with any exhibits and other attachments annexed thereto) and (b) a senior secured superpriority debtor-in-possession credit facility (the "Super HoldCo DIP Facility" and, together with the OpCo DIP Facility, the "DIP Facilities"), to be evidenced by (i) that certain *Superpriority Secured Debtor in Possession Credit Agreement* (the "Super HoldCo DIP Credit Agreement" and, together with the OpCo DIP Credit Agreement, the "DIP Credit Agreements"), by and among Trinseo Luxco Finance SPV S.à r.l., a private limited liability company (*société à responsabilité limitée*), organized and established under the laws of the Grand Duchy of Luxembourg, having its registered office at 130, boulevard de la Pétrusse, L-2330 Luxembourg, registered with the R.C.S. Luxembourg under number B279526, the loan parties party thereto, the lenders and other parties from time to time party thereto, and Alter Domus (US) LLC, as administrative agent and collateral agent (in such capacity, the "SHC Collateral Agent") and (ii) that certain *Pledge and Security Agreement*, by and among, among others, Trinseo NA Finance SPV LLC, Aristech Surfaces LLC, Atuglas LLC, Trinseo NA Finance LLC and the SHC Collateral Agent (the "SHC Security Agreement", the SHC Security AGreement together with the OpCo Security Ageement, the "DIP Security Agreements",and the SHC Security Agreement together with the SHC DIP Credit Agreement, the "SHC DIP Credit Documents", and the "SHC DIP Credit Documents together with the OpCo DIP Credit Documents, the "DIP Credit Documents") (together with any exhibits and other attachments annexed thereto), each on terms and conditions substantially similar to those set forth in the forms of DIP Credit Documents to which each Company is a party previously provided to the Approving Party of each Company (with such changes as may be approved pursuant to the delegation set forth herein), together with certain joinders of third party financing parties to the Restructuring Support Agreement, subject to approval by the Bankruptcy Court, which is necessary and appropriate to conduct the business of the Company; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of such Company, to approve the form, terms, and provisions of the DIP Credit Documents to which such Company is a party, including the use of proceeds to provide liquidity for such Company throughout the Chapter 11 Cases and such other uses as described in the DIP Credit Agreements, and to negotiate, execute, deliver, certify, file and/or record, and perform the obligations arising under, any and all guarantees, security agreements, pledge agreements, collateral documents, reaffirmations, promissory notes, fee letters, escrow agreements, letters, notices, certificates, forms, agreements, declarations, certificates, notifications, deeds, loan documents, charters, protocols, agreements, documents and/or related and ancillary documents evidencing the grant of security, reaffirmations, promissory notes, fee letters, escrow agreements, letters, notices, certificates, documents and any amendments thereto, and instruments, in each case to be authorized, executed, delivered, reaffirmed, verified, and filed, registered, or recorded in connection with, contemplated by, pursuant to or useful for the DIP Credit Documents to which such Company is a party or that may be necessary, appropriate, desirable, or advisable in connection with, contemplated by, pursuant to, or useful for the DIP Credit Agreements and the transactions contemplated thereby (collectively, the "DIP Facility Documents"); and be it further

**RESOLVED**, that, notwithstanding (and without limitation of) the authority granted above, any pledge agreements, collateral documents, security agreements or other DIP Facility Documents entered into in connection with the granting of security pursuant to, contemplated by or in connection with the DIP Credit Agreements, DIP Security Agreements, or the DIP Orders (as defined in the Restructuring Support Agreement) to which such Company is a party on terms substantially consistent with the Company's existing debt arrangements are explicitly approved; and be it further

**RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with Section 363 of the Bankruptcy Code and the DIP Credit Agreements, each applicable Company is hereby authorized to provide the Adequate Protection Obligations to the Secured Creditors as set forth in the DIP Credit Agreements and the orders of the Bankruptcy Court approving the DIP Facilities, with such changes, additions, and modifications thereto, as an Authorized Officer shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof; and be it further

## IV. Receivables Securitization Program

**RESOLVED**, that in connection with each Chapter 11 Case, the Approving Party of each applicable A/R Facility Company, after consultation with the legal and financial advisors of such A/R Facility Company, has determined that it is in the best interests of such A/R Facility Company to enter into and perform under the Amended and Restated Credit and Security Agreement and consummate the Receivables Transactions in connection with the A/R Facility as necessary to provide the Companies with sufficient liquidity during the Chapter 11 Cases, and to enter into, deliver and perform their respective obligations under the Receivables Documents, including, without limitation the contribution, sale and servicing of receivables in connection with the A/R Facility, and any amendments, restatements, modifications or supplements to any of the foregoing, on such terms and conditions as any Authorized Officer deems to be in the best interests of the

applicable A/R Facility Company, and to authorize the payment of all fees and expenses in accordance with the Receivables Documents; and be it further

**RESOLVED**, that each of the Authorized Officers, acting alone, is hereby authorized on behalf of the A/R Facility Companies to prepare or cause to be prepared the form, terms and provisions of the Third Amended and Restated U.S. Receivables Purchase Agreement, to be dated on or around the date hereof ("Third Amended and Restated U.S. Receivables Purchase Agreement"), by and among the applicable A/R Facility Company, as a U.S. Originator, the Investment Manager and Trinseo U.S. Receivables Company SPV LLC, a Delaware limited liability company (the "U.S. Intermediate Transferor"), including any and all schedules, exhibits and annexes attached thereto and other such acts contemplated by the Third Amended and Restated U.S. Receivables Purchase Agreement, and any and all transactions contemplated by the Third Amended and Restated U.S. Receivables Purchase Agreement and each other Receivables Document are hereby, in all respects, ratified, confirmed, authorized and approved and the applicable A/R Facility Company's entering into, execution, delivery and performance of its obligations under the Third Amended and Restated U.S. Receivables Purchase Agreement is hereby, in all respects, ratified, confirmed, authorized and approved; and be it further

**RESOLVED**, that each of the Authorized Officers, acting alone, is hereby authorized on behalf of the A/R Facility Companies to prepare or cause to be prepared the form, terms and provisions of the Third Amended and Restated U.S. Servicing Agreement, to be dated on or around the date hereof ("Third Amended and Restated U.S. Servicing Agreement" and collectively with the Amended and Restated Credit and Security Agreement, the Third Amended and Restated U.S. Receivables Purchase Agreement, and any and all agreements, documents, amendments, instruments, certificates, acknowledgments, statements, and papers as may be contemplated by or entered into in connection with the foregoing, the "Receivables Documents"), by and among the applicable A/R Facility Company, as a U.S. Servicer, the U.S. Intermediate Transferor, and the other parties thereto from time to time, including any and all schedules, exhibits and annexes attached thereto and other such acts contemplated by the Third Amended and Restated U.S. Servicing Agreement, and any and all transactions contemplated thereby are hereby, in all respects, ratified, confirmed, authorized and approved and the applicable A/R Facility Company's entering into, execution, delivery and performance of its obligations under the Third Amended and Restated U.S. Servicing Agreement is hereby, in all respects, ratified, confirmed, authorized and approved; and be it further

**RESOLVED**, that in order to carry out fully the intent and effectuate the purposes of the foregoing resolutions, each of the Authorized Officers, acting individually or together be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to arrange for, enter into or grant amendments, restatements, supplements, renewals, replacements, consolidations, substitutions, extensions and modifications to and waivers of the Receivables Documents, and to arrange for and enter into supplemental agreements, security agreements, servicing agreements, control agreements, bank mandates, collection account agreements, pledge agreements, ancillary services agreements, transfer agreements, instruments, certificates, financing statements, consents, transfer documents, compliance certificates, solvency certificates, affidavits, powers of attorney, notifications, requests, assignments, addendums, any necessary amendments, waivers or releases with respect to any existing financing arrangements, and other documents relating to the transactions contemplated by the Receivables Documents (collectively,

the "Additional Receivables Documents") and to execute, deliver, and perform all such Additional Receivables Documents and any amendments, restatements, supplements, renewals, replacements, consolidations, substitutions, extensions, and modifications to and waivers of any of the Additional Receivables Documents in the name and on behalf of the applicable Company, under its seal or otherwise, the execution and delivery thereof to be conclusive evidence of the approval and ratification by such Authorized Officers to sign or endorse any checks and to pay all such fees and expenses, which shall in his or her sole judgment be deemed necessary, proper or advisable in order to perform the obligations under, in connection with, or in accordance with the terms of the Receivables Documents or the Additional Receivables Documents and the transactions contemplated thereby, the execution and delivery thereof to be conclusive evidence of the approval and ratification by such Authorized Officers and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that that the granting by any A/R Facility Company of liens on and security interests in its U.S. Purchased Receivables, Related Rights related thereto and U.S. Collection Accounts (each as defined in the Third Amended and Restated U.S. Receivables Purchase Agreement) to Trinseo U.S. Receivables Company SPV LLC and the executing, filing or recording, as applicable, of any control agreements, Uniform Commercial Code financing statements or any other document necessary to perfect each of the security instruments contemplated in the Receivables Documents is hereby authorized and approved; and that each of the Authorized Officers, acting alone, is hereby authorized, empowered and directed, on behalf of the applicable Company, to execute, deliver and file, as applicable, or approve the execution, delivery or filing, as applicable, of any such other perfection documents or instruments, including, without limitation, continuation statements; and be it further

**RESOLVED**, that any Authorized Officer of each applicable A/R Facility Company, in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of such A/R Facility Company to negotiate, execute, and deliver the Receivables Documents (including, without limitation, any borrowing request), take all actions (including, without limitation, the expenditure of funds) deemed by such Authorized Officer to be necessary or appropriate to the performance of any obligations or the exercise of rights pursuant to the Receivables Documents, including, without limitation, entrance into amendments, restatements, modifications or supplements thereto, on such terms and conditions with such changes as any Authorized Officer may by his or her execution and delivery thereof deem to be in the best interests of each applicable A/R Facility Company, with such negotiation, execution and delivery of the Receivables Documents or any other documents to be conclusive evidence that the form, terms and provisions thereof have been approved by the Approving Parties; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of the foregoing resolutions; and be it further

## V. Retention of Advisors

**RESOLVED**, that each Company is hereby authorized, and each Authorized Officer of each Company, in each case, acting singly or jointly, shall be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of such Company, to employ and retain (a) Latham & Watkins LLP to act as legal counsel, (b) Hunton Andrews Kurth, LLP to act as local counsel, (c) FTI Consulting, Inc. to act as financial advisor, (d) Centerview Partners LLC to act as investment banker, and (v) Kroll Restructuring Administration LLC to act as claims and noticing agent (collectively, the "Professionals"), in each case, in connection with the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that each of Trinseo US Holding, Inc. and Trinseo Materials Finance, Inc. is hereby authorized, and each Authorized Officer of each such Company, in each case, acting singly or jointly, shall be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of such Company, to employ and retain (i) Quinn Emanuel Urquhart & Sullivan, LLP to act as legal counsel, and (ii) Portage Point Partners, LLC to act as financial advisor, in each case, in connection with the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that each Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of such Company, to employ and retain such further legal, restructuring, financial, accounting, and bankruptcy services firms as may be deemed necessary or appropriate by each Authorized Officer to assist each Company in carrying out its responsibilities in the Chapter 11 Cases and achieving a successful restructuring; and be it further

## VI. Appointment of Chief Restructuring Officer

**RESOLVED**, that each Company hereby creates the office of Chief Restructuring Officer; and be it further

**RESOLVED**, that each applicable Company is authorized and directed to enter into that certain Engagement Letter, dated as of May 20, 2026, between FTI Consulting, Inc. ("FTI") and each applicable Company (the "CRO Engagement Letter") and to take any and all actions to advance each Company's rights and obligations in connection therewith, and any such prior actions are hereby ratified in their entirety; and be it further

**RESOLVED**, that each Company hereby authorizes, in connection with the retention of FTI and consistent with the terms of the CRO Engagement Letter, FTI to provide each Company with a Chief Restructuring Officer (the "CRO") who shall be Mr. Alan Boyko; and be it further

**RESOLVED**, that each Company hereby authorizes FTI to assign additional personnel to support the CRO and each Company, to serve in various capacities with each Company and to perform other services required of FTI pursuant to the CRO Engagement Letter; and be it further

**RESOLVED**, that each Company hereby appoints Mr. Boyko as CRO of such Company, subject to Bankruptcy Court approval; and be it further

**VII. Governing Documents**

**RESOLVED**, that notwithstanding any provision of any Governing Document to the contrary, under no circumstances shall any event of bankruptcy on the part of any Member (as defined in each Governing Document) of the applicable Company cause any Member to cease to be a Member of such Company, and upon the occurrence of any such event, such Company shall continue without dissolution; and be it further

**RESOLVED**, that notwithstanding any provision of any Governing Document to the contrary, each applicable Company may put into effect and carry out any decrees and orders of the Bankruptcy Court, and may take any action provided or directed by such decrees and orders, in each case without a vote or other consent or approval by any Member of the applicable Company; and be it further

**RESOLVED**, that by executing this written consent, each Governing Document is hereby amended to the extent necessary to implement the resolutions of this Section VIII; and be it further

**VIII. General Authorization and Ratification**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each Authorized Officer of each Company (and their designees and delegates), in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file, register, record, and perform, such agreements, instruments, motions, affidavits, rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, and to pay all expenses, including but not limited to filing fees, that in the judgment of the Authorized Officer shall be or become necessary, proper, advisable, or desirable in connection with the Chapter 11 Cases, the Restructuring Support Agreement, the Plan and Disclosure Statement, the DIP Credit Agreements, any DIP Facility Documents, any Receivables Documents or Additional Receivables Documents, or any of the transactions contemplated by the foregoing, in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any of the foregoing documents and agreements and any related documents or instruments which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable; and be it further

**RESOLVED**, that each Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of such Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement, or otherwise modify from time to time, all documents reasonably necessary to effectuate the terms of the restructuring detailed in the Restructuring Support Agreement, including without limitation,

a plan of reorganization, disclosure statement, and related documents consistent with the terms of the Restructuring Support Agreement; and be it further

**RESOLVED**, that the Approving Parties received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, as applicable, or hereby waive any right to have received such notice; and be it further

**RESOLVED**, that any and all past or future actions taken by any Authorized Officer of each Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, reaffirmed, and approved in all respects; and be it further

**RESOLVED**, that any Authorized Officer of each Company is authorized to place a copy of these resolutions in the official records of such Company to document the actions set forth herein as actions taken by the Approving Party of such Company; and be it further

**RESOLVED**, that for the purposes of these resolutions, the term "Authorized Officer" shall include the Chief Executive Officer, President, Chief Financial Officer, Chief Accounting Officer, Treasurer, General Counsel, Secretary, Assistant Secretary, any Executive Vice President or Vice President, or the Chief Restructuring Officer, of the applicable Company.

[*Signature Pages Follow*]

IN WITNESS WHEREOF, the undersigned, being (a) all members of the Board of Directors, (b) all members of the Board of Managers, or (c) the sole member, as applicable, of each Company, have executed this written consent as of the date first written above.

Signed by:
Angelo Chaclas
FF494FE2CCBD42F...

Angelo N. Chaclas

Signed by:
Alan J. Carr
0DBFF0FF6164426...

Alan J. Carr

Signed by:
12197087B63E4AC...

Elizabeth Abrams

Being the board of directors of:

**TRINSEO US HOLDING, INC.**

**TRINSEO MATERIALS FINANCE, INC.**

______________________________

**TRINSEO HOLDING S.À R.L.**

Being the sole member of:

**TRINSEO INTERNATIONAL HOLDING LLC**

By: Signed by: David Stasse 568965FFF5BB454...
Name: David Stasse
Title: Executive Vice President and Chief Financial Officer

**TRINSEO US HOLDING, INC.**

Being the sole member of:

**TRINSEO LLC**

By: Signed by: David Stasse 568965FFF5BB454...
Name: David Stasse
Title: Executive Vice President and Chief Financial Officer

Signed by:
Angelo Chaclas
FF494FE2CCBD42F...

Angelo N. Chaclas

Signed by:
David Stasse
568965FFF5BB454...

David Stasse

DocuSigned by:
Carol Flaton
8CB5445128EE4AD...

Carol Flaton

Signed by:
77A69222F0DD488...

Jill Frizzley

Being the Managers of:

**ALTUGLAS LLC**

**ARISTECH SURFACES LLC**

**TRINSEO US HOLDING, INC.**

Being the sole member of:

**ALTUGLAS LLC**

**ARISTECH SURFACES LLC**

By: Signed by: David Stasse
568965FFF5BB454...

Name: David Stasse
Title: Executive Vice President and
Chief Financial Officer

DocuSigned by:
95ACF578458A4F8...

Patrick Bartels

Signed by:
Angelo Chaclas
FF494FE2CCBD42F...

Angelo N. Chaclas

Signed by:
David Stasse
568965FFF5BB454...

David Stasse

DocuSigned by:
Carol Flaton
8CB5445128EE4AD...

Carol Flaton

Signed by:
77A69222F0DD488...

Jill Frizzley

<u>Being the Managers of</u>:

**TRINSEO NA FINANCE LLC**

**TRINSEO NA FINANCE SPV LLC**

| Fill in this information to identify the case: |
|---|
| Debtor name: *Trinseo PLC, et al.* |
| United States Bankruptcy Court for the: Southern District of Texas |
| Case number (If known): ______________ |

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

5/25

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | THE BANK OF NEW YORK MELLON | 500 Ross Street, 12th Floor, Pittsburgh, PA 15262 | Attn: Corporate Trust Administration<br>Title:<br>Email: raymond.k.oneil@bny.com<br>Phone: (412) 236-1201 | 2L 2029 Notes | Contingent, Unliquidated, Disputed | $ 407,909,128 | TBD | $407,909,128 |
| 2 | ROHM & HAAS CHEMICALS LLC | 400 Arcola Rd. Collegeville PA 19426 | Attn: David Speece<br>Title:<br>Email: davidspeeceIII@Dow com<br>Phone: (800) 846-7641 | Trade Debts | | | | $26,388,189 |
| 3 | AMERICAS STYRENICS LLC | 24 Waterway Avenue, Suite 1200, The Woodlands, TX 77380 | Attn: J.C. Gonzalez<br>Title:<br>Email: JCGonzalez@amsty.com<br>Phone: (832) 616-7800 | Trade Debts | | | | $6,891,607 |
| 4 | LYONDELLBASELL INDUSTRIES NV | 1221 McKinney Street, Ste. 300<br>Houston, Texas 77010) | Attn: Teri Burgess<br>Title:<br>Email: teri.burgess@lyondellbassell.com<br>Phone: 832 792-3136 | Trade Debts | | | | $3,256,619 |
| 5 | CLX LOGISTICS LLC | 960 Harvest Drive, Pennsylvania, PA 19422 | Attn:Marc Chrencik<br>Title:<br>Email: mchrencik@clxlogistics.com<br>Phone: (267) 419-9316 | Trade Debts | | | | $2,511,984 |
| 6 | CORTEVA INC | 974 Centre Rd Building 735, Wilmington, DE 19805 | Attn: Dan Kaczynski<br>Title: I-Park Contract Mgr<br>Email: dan.kaczynski@corteva.com<br>Phone: | Trade Debts | | | | $1,453,238 |
| 7 | QUANTIX MANAGED SOLUTIONS LLC | 9900 Corporate Campus Dr. Ste 3200, Louisville, KY 40223 | Attn: Dina Gold<br>Title:<br>Email: dgold@quantixmanaged.comtixscs.com<br>Phone: | Trade Debts | | | | $1,258,186 |
| 8 | ARLANXEO USA LLC | 111 Ridc Park West Drive, Pittsburgh, PA 15275-1112 | Attn: Jay Capelli<br>Title:<br>Email:jay.capelli@arlanxeo.com<br>Phone: (800) 447-6202 | Trade Debts | | | | $1,246,615 |
| 9 | KAG SPECIALTY PRODUCTS GROUP LLC | 4366 Mount Pleasant Street NW, North Canton, OH 44720 | Attn: John Rakoczy<br>Title: Executive Vice President<br>Email: jrakoczy@thekag.com<br>Phone: (800) 321-3143 | Trade Debts | | | | $952,595 |
| 10 | EXXONMOBIL CHEMICAL | 22777 Springwoods Village Pkwy, Spring, TX 77389-1425 | Attn: Jim Myers<br>Title:<br>Email: james.w.myers@exxonmobil.com<br>Phone: (225) 772-6772 | Trade Debts | | | | $858,208 |

| | Name of creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | THE DOW CHEMICAL COMPANY | 13300 Bay Area Blvd, La Porte, TX 77571-0000 | Attn: Brian Brown<br>Title:<br>Email: BDBrown@dow.com<br>Phone: | Trade Debts | | | | $855,548 |
| 12 | ARKEMA INC. | 2231 Haden Rd, Houston, TX 77015 | Attn: Casey Collins<br>Title:<br>Email: casey.collins@arkema.com<br>Phone: (713) 455-1211 | Trade Debts | | | | $817,910 |
| 13 | TPC GROUP LLC | 500 Dallas Street Suite 1000, Houston, TX 77002-4718 | Attn: Marcus Garcia<br>Title: Business Director, Performance Materials<br>Email:<br>Phone: (713) 475-5279 | Trade Debts | | | | $687,270 |
| 14 | BASF CORPORATION | 67056 Ludwigshafen, Germany | Attn: Dr. Sabrina Streicher<br>Title: Head Of Litigation & Dispute Resolution<br>Email: Sabrina.Streicher@basf.com<br>Phone: | Trade Debts | | | | $662,712 |
| 15 | PILOT CHEMICAL COMPANY | 2744 E Kemper Rd, Cincinnati, OH 45241-1818 | Attn: Jennifer Hartwell<br>Title: Customer Account Specialist<br>Email: jshartwell@pilotchemical.com<br>Phone: (800) 707-4568 | Trade Debts | | | | $632,028 |
| 16 | SAP SE | Neurottstrasse 16, Walldorf, BW 69190 | Attn: Jim Mower<br>Title:Vice President<br>Email: j.mower@sap.com<br>Phone: | Trade Debts | | | | $599,809 |
| 17 | SAP AMERICA INC | 3999 West Chester Pike, Newtown Square, PA19073-2305 | Attn: Jim Mower<br>Title:Vice President<br>Email: j.mower@sap.com<br>Phone: | Trade Debts | | | | $546,339 |
| 18 | STARCHEM USA LLC | 5689 NW 35th Ct., Miami, FL 33142 | Attn: Dayana Norat<br>Title: Financial Controller<br>Email: Dayana@StarchemUSA.com<br>Phone: (305) 859-1418 | Trade Debts | | | | $508,113 |
| 19 | MICROSOFT CORPORATION | 1 Microsoft Way, Redmond, WA 98052-8300 | Attn: Joshua Farlow<br>Title: Director<br>Email: jfarlow@microsoft.com<br>Phone: | Trade Debts | | | | $491,890 |
| 20 | EVONIK CORPORATION | 299 Jefferson Rd, Parsippany, NJ 07054 | Attn: Kevin Shaffer<br>Title:<br>Email:kevin.shaffer@evonik.com<br>Phone: | Trade Debts | | | | $482,101 |
| 21 | 3E COMPANY ENVIRONMENTAL | 3207 Grey Hawk Ct Ste 200, Carlsbad, CA 92010-6664 | Attn: Leslie Smith<br>Title: Vice President of Administration<br>Email: lsmith@Verisk3e.com<br>Phone: (760) 930-6675 | Trade Debts | | | | $453,026 |
| 22 | LAKE STATE RAILWAY COMPANY | 750 Washington St, Saginaw, MI 48607-1374 | Attn: Mike Stickel<br>Title: President<br>Email:mstickel@lsrc.com<br>Phone: | Trade Debts | | | | $374,734 |

| | Name of creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 | PRIMEX PLASTICS | 1235 North F Street, Richmond, IN 47374 | Attn: Lou Champy<br>Title:<br>Email:lchampy@primexplastics.com<br>Phone: (765) 966-7774 | Trade Debts | | | | $365,969 |
| 24 | EXXON MOBIL CORPORATION | 5959 Las Colinas Blvd, Irving, TX 75039-4202 | Attn: Allison Dammeyer<br>Title:<br>Email: allison.m.dammeyer@exxonmobil.com<br>Phone: (225) 772-6772 | Trade Debts | | | | $334,634 |
| 25 | NORFOLK SOUTHERN CORP | 1200 Peachtree St NE, Atlanta, GA 30309-3579 | Attn:<br>Title:<br>Email: CASHAPP1@NSCORP.COM<br>Phone: (800) 635-5768 | Trade Debts | | | | $311,229 |
| 26 | INTERNATIONAL PAPER COMPANY | 2811 Cofer Rd, Richmond, VA 23224-7101 | Attn: Earl Blanks<br>Title:<br>Email: earl.blanks@ipaper.com<br>Phone: (804) 230-3101 | Trade Debts | | | | $306,504 |
| 27 | GEON PERFORMANCE SOLUTIONS LLC | 33587 Walker Rd, Avon Lake, OH 44012-1145 | Attn: Napolean Garza<br>Title:<br>Email: napoleon.garza@geon.com<br>Phone: (713) 495-6772 | Trade Debts | | | | $296,276 |
| 28 | GEA SYSTEMS NORTH AMERICA LLC | 9165 Rumsey Rd, Columbia, MD 21045-1929 | Attn: Karla Morrison<br>Title:<br>Email: karla.morrison@gea.com<br>Phone: (410) 997-8700 | Trade Debts | | | | $291,724 |
| 29 | ROEHM AMERICA LLC | 8 Campus Drive, Suite 450, Parsippany, NJ 07054 | Attn:<br>Title:<br>Email: CS-Monomers@roehm.com<br>Phone: (800) 225-0172 | Trade Debts | | | | $239,155 |
| 30 | UNION PACIFIC RAILROAD | 210 N 13th St, Saint Louis, MO 63103-2329 | Attn:<br>Title:<br>Email: RACash@up.com<br>Phone: (800) 272-8777 | Trade Debts | | | | $238,471 |